NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

FRANCISCO HERRERA-GENAO,  : CIV. ACTION NO. 12-6119 (AET)
Petitioner,  :
v.  : **OPINION**
UNITED STATES OF AMERICA,  :
Respondent.  :

THOMPSON, U.S. District Judge

**I. INTRODUCTION**

This matter comes before the Court on a motion under Federal Rule of Civil Procedure 60(b)(6) filed by Petitioner Francisco Herrera-Genao. (ECF No. 51). Petitioner moves for relief from the Court's November 14, 2014 decision denying his motion under 28 U.S.C. § 2255. (ECF No. 43). For the reasons stated herein, the motion is denied.

**II. BACKGROUND**

Between February and March of 2007, Petitioner, Wilfredo Berrios, Efrain Lynn, and Michael Cruz robbed a series of banks. *United States v. Herrera-Genao*, 419 F. App'x 288, 290 (3d Cir. 2011). On April 5, 2007, FBI agents attempted to arrest Herrera-Genao and his codefendants in a parking lot while they were preparing to commit another bank robbery. (Presentence Report ("PSR") ¶ 43; ECF No. 30 at 7). During the attempted arrest, one FBI agent was tragically killed by an accidental discharge from a fellow agent's weapon. *Herrera-Genao*,

419 F. App'x at 290. Amidst the commotion, Herrera-Genao fled the scene and hid in the woods but was captured by police the next day. *Id.*

> On October 13, 2008, the United States of America filed a Second Superseding Indictment against Defendants. Count One charged Herrera–Genao, Berrios and Lynn with conspiring with one another and others to commit Hobbs Act robbery, from February 8, 2007, through April 5, 2007, in violation of 18 U.S.C. § 1951; Count Two charged Herrera–Genao and Berrios with armed robbery on February 8, 2007, in violation of 18 U.S.C. § 2113(a) and (d); Count Three charged Herrera–Genao and Berrios with possession of a firearm in furtherance of a crime of violence on February 8, 2007, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; Counts Four, Six and Eight charged Herrera–Genao, Berrios and Lynn with armed robbery on February 16, 2007, March 2, 2007, and March 16, 2007, respectively, in violation of 18 U.S.C. § 2113(a) and (d); Counts Five, Seven and Nine charged Herrera–Genao, Berrios and Lynn with possession of a firearm in furtherance of a crime of violence, on February 16, 2007, March 2, 2007, and March 16, 2007, respectively, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2; Count Ten charged Herrera–Genao and Berrios with attempting to commit armed robbery on April 5, 2007, in violation of 18 U.S.C. § 2113(a) and (d); and Count Eleven charged Herrera–Genao and Berrios with possession of a firearm in furtherance of a crime of violence on April 5, 2007, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2. Pursuant to a plea agreement, Cruz became a cooperating witness for the Government.

*Id.* at 290–91. The jury convicted Petitioner on all counts. *Id.* at 291.

This Court "sentenced Herrera–Genao to a term of 1,407 months imprisonment, including 87 months on each of the conspiracy and armed robbery counts (Counts One, Two, Four, Six, Eight and Ten), to run concurrently; 120 months on the first of the § 924(c) counts (Count Three), to run consecutively; and 300 months on each of the remaining § 924(c) counts (Counts Five, Nine and Eleven), to run consecutively." *Id.*

Petitioner appealed to the Third Circuit, where his convictions and sentences were affirmed in a consolidated opinion. *United States v. Herrera-Genao*, 419 F. App'x 288 (3d Cir. 2011). The Supreme Court denied Herrera–Genao's petition for writ of certiorari. *Herrera-Genao v. United States*, 565 U.S. 858 (2011).

Petitioner filed this motion to correct, vacate, or set aside his federal sentence under § 2255 on October 1, 2012. (ECF No. 1). The Court advised him of his rights and responsibilities under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) on October 2, 2012. (ECF No. 2). After the United States answered the motion, the Court conducted an evidentiary hearing on March 26, 2013 and June 26, 2014. (ECF Nos. 25 & 40). The Court subsequently denied the motion but granted a certificate of appealability on one issue. *Herrera-Genao v. United States*, No. 12–6119, 2014 WL 6386807 (D.N.J. Nov. 14, 2014); (ECF Nos. 43 & 45). The Third Circuit affirmed this Court's decision. *Herrera-Genao v. United States*, 641 F. App'x 190 (3d Cir. 2016).

Petitioner filed his Rule 60(b)(6) motion on August 9, 2019. (ECF No. 51). He argues the Court should revisit his claim "regarding the issue of the Statutory Interpretation of §924(c)(1)(C) & (i) in light of Newly Discovered of Evidence provided by Congress . . . ." *Id.* at 1. "On December 13, 2018, The United States Congress Provided Newly Discover of Evidence [sic] on the light of Rule 59 regarding the Statutory Interpretation of 18 U.S.C. § 924(c)[.] Claiming the sentence deriving of multiple Counts of violation § 924(c) of single indictment will become unconstitutional." *Id.* at 3.

### III. STANDARD OF REVIEW

Rule 60(b)(6) permits a court to relieve a party from a final judgment for any reason that justifies relief. "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). "[E]xtraordinary circumstances involves a showing that without relief from the judgment, 'an

3

"extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). to relief.

## IV. ANALYSIS

A.   Jurisdiction

"[The Anti-Terrorism and Effective Death Penalty Act]'s restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." *Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003); *accord Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." *Pridgen*, 380 F.3d at 727. "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Id.*

Petitioner asserts his request is properly a Rule 60(b)(6) motion because "because the Court failed to resolve all the merit's and 924(C)(1)(C) section (i) still pending to the claim be resolved on the merit." (ECF No. 51 at 4). Petitioner stated in his initial motion that he wished to "re-preserve any issue(s) regarding interpretation of 18 U.S.C. Section 924(c)(1)(A)." (ECF No. 1 at 5).[1] The Court declined to address this argument as Petitioner "has not asserted this claim."

---

[1] Petitioner had argued on direct appeal that the "'except clause' of 18 U.S.C. § 924(c)(1)(A), which provides an exception to the imposition of a mandatory minimum sentence 'to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law,' prohibits the stacking of mandatory minimum terms where a jury returns more than one guilty verdict on multiple Section 924(c) counts." *United States v. Herrera-Genao*, 419

4

*Herrera-Genao v. United States*, No. 12-6119, 2014 WL 6386807, at *1 n.1 (D.N.J. Nov. 14, 2014).

Petitioner contends "a subsequent change in substantive law," the First Step Act, "is a 'reason justifying relief,' from the previous denial of a claim. Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (quoting Fed. R. Civ. P. 60(b)(6)). *See also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (holding a change in law is not a "new fact" and citing cases). "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent" the statutory requirement that "the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* at 531–32 (quoting 28 U.S.C. § § 2244(b)(2)(A)); *see also* 28 U.S.C. § 2255(h)(2) (containing identical language to § 2244(b)(2)(A)).[2]

The Third Circuit denied Petitioner's challenge to the interpretation of § 924(c) on direct appeal, and Petitioner vaguely tried to raise his argument again in his § 2255 motion. Petitioner asks the Court to consider an argument, albeit with the benefit of a new statute, that the Court declined to address when it was presented in his original § 2255 motion. Therefore, construing

---

F. App'x 288, 301 (3d Cir. 2011). The Third Circuit rejected this argument on the merits. *Id.* (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)).

[2] The Court notes for the record that it recently denied Petitioner's authorized second or successive § 2255 motion, which argued that bank robbery was not a "crime of violence" after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Francisco Herrera-Genao v. United States*, No. 16-3786, 2020 WL 2520281 (D.N.J. May 18, 2020).

the motion liberally as the Court must for pro se litigants, the Court concludes Petitioner satisfies the standard to bring this argument as a Rule 60(b) motion, if only just. The Court will consider the merits.

B.     Merits

Petitioner argues the anti-stacking provision of the recently enacted First Step Act applies retroactively to his § 924(c) convictions and makes "the sentence deriving of multiple Counts of violation § 924(c) of single indictment . . . unconstitutional." (ECF No. 51 at 3). Unfortunately for Petitioner, the First Step Act does not apply to his convictions.

At the time of Petitioner's convictions, § 924(c)(1)(C)'s mandatory sentencing scheme required this Court to "stack" the sentences for Petitioner's § 924(c) convictions: 10 years mandatory minimum for the first conviction followed by a mandatory 25-year consecutive sentence for each subsequent conviction. "[B]efore the First Step Act, if that offender was convicted of a second § 924(c) count, he faced an enhanced consecutive 300-month mandatory recidivist penalty — even though both counts came from the same indictment." *United States v. Hodge*, 948 F.3d 160, 161 n.2 (3d Cir. 2020) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)). Section 403(a) of the First Step Act amended § 924(c)(1)(C) so that "when a first-time offender who discharged a firearm is convicted of multiple § 924(c) counts from the same indictment, each count carries only the standard 120-month minimum, run consecutively." *Id.* It is this provision that Petitioner asserts should be applied retroactively to his sentence.

The plain text of the First Step Act's revised stacking provision only applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, PL 115-391,

December 21, 2018, 132 Stat 5194, § 403(b). "Therefore, § 403(a), by its plain terms, does not apply retroactively to [Petitioner], who had already been sentenced when the First Step Act was enacted." *United States v. Meehan*, 798 F. App'x 739, 740–41 (3d Cir. 2020) (per curiam). "[T]he First Step Act intentionally subjected any defendant who already had any sentence imposed to the original § 924(c) mandatory minimum, even if their sentence was subsequently modified." *Hodge*, 948 F.3d at 163. *See also United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) (stating that "[i]n 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction ... has become final' will trigger the 25-year minimum").

The change in § 924(c)(1)(C)'s sentencing scheme does not apply to defendants who were sentenced before the First Step Act's enactment. Therefore, Petitioner is not entitled to relief under Rule 60(b)(6).

## V. CONCLUSION

For the reasons stated above, Petitioner's Rule 60 motion is denied. An appropriate order follows.

DATED: July 16, 2020

_____
ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE